IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERMAINE ROGERS,

        Plaintiff,

v.

C.O. CHRISTENSEN,

        Defendant.

OPINION and ORDER

15-cv-765-slc

This lawsuit is set for trial on Monday, February 12, 2018, at 9:00 AM, with a final pretrial conference scheduled for 8:30 AM, followed by the jury selection and presentation of the evidence. Now before the court are three motions in limine filed by defendant Christensen. Plaintiff did not file any motions in limine, and did he not file any opposition to defendant's motions. For the reasons below, I am granting defendant's motions in part and denying them in part.

OPINION

**I. Defendant's Motion in Limine No. 1**

Defendant asks the court to exclude any argument, questions, testimony or evidence relating to lawsuits, complaints or newspaper articles about the Wisconsin Department of Corrections or defendant. Defendant argues that such evidence would be improper hearsay, character evidence and unduly prejudicial. I agree. Moreover, I cannot think of any reason why evidence relating to lawsuits, complaints or newspaper articles about DOC would be relevant to this case. Therefore, I will grant defendant's motion.

**II. Defendant's Motion in Limine No. 2**

Defendant asks the court to exclude any argument, questions, testimony or evidence regarding "causation of physical injury, permanence, future care and treatment, or future pain and suffering." Defendant argues that because plaintiff has not named any medical expert, he cannot present evidence or argument that his cell conditions caused any physical injury, pain or suffering. I will grant this motion in part. Plaintiff will be precluded from offering testimony that would require medical expertise, such as the cause of any serious or ongoing physical injury or pain he claims to have suffered. However, plaintiff is free to testify regarding his own experiences, including that he felt sick and vomited after eating food from a tray that had feces on it. It does not take an expert to determine that seeing or smelling someone else's feces on your food tray and believing that you may have ingested some of it may cause you to become sick and vomit. Accordingly, plaintiff may testify as to his own experiences, but he may not offer testimony or opinions that would require expert medical knowledge.

**III. Defendant's Motion in Limine No. 3**

Defendant asks the court to exclude any argument, questions, testimony or evidence regarding a conversation that plaintiff says he had with Officer Michael Leitner. Defendant argues that testimony regarding the conversation with Leitner would be inadmissible hearsay. I will grant the motion to preclude plaintiff from offering any *hearsay* statements relating to his conversation with Leitner. However, because plaintiff did not respond to this motion, it is not clear whether plaintiff intends to testify regarding such a conversation with Leitner and if so, what plaintiff would want to say about this conversation. There might be portions of this conversation that would not violate the rule against hearsay. We will discuss this matter at the final pretrial conference, where I will be able to get more information and then provide a more specific ruling.

ORDER

IT IS ORDERED that defendant CO Christensen's motions in limine, dkt. 82, are GRANTED IN PART and DENIED IN PART, as set forth above.

Entered this 5th day of February, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge